IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:10-CR-00036-BR |
| | (3:11-CV-70028-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **FRANCISCO MIRANDA-LOPEZ,** | |
| Defendant. | |

**S. AMANDA MARSHALL**
United States Attorney
**RYAN W. BOUNDS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1000

       Attorneys for Plaintiff

**FRANCISCO MIRANDA-LOPEZ**
#66487-065
FCI - Greenville
P.O. Box 5000
Greenville, IL 62246

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Francisco Miranda-Lopez's Motion (#39) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

For the reasons that follow, the Court **DENIES** Defendant's Motion and **DECLINES** to issue a certificate of appealability.

## BACKGROUND

On January 19, 2001, Defendant Francisco Miranda-Lopez was convicted in Polk County Circuit Court of Delivery of a Controlled Substance in violation of Oregon Revised Statute § 475.999[1] and sentenced to 21-months imprisonment.

On January 3, 2003, Defendant was deported.

On February 3, 2010, Defendant was charged in this Court in a one-count Indictment with Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a).

On September 20, 2010, the Court held a hearing at which Defendant entered a guilty plea on the charge of Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a). After finding Defendant's guilty plea was knowing, intelligent, and voluntary, the Court accepted the plea.

---

[1] Oregon Revised Statute § 475.999 was renumbered to § 475.904 after Defendant's state conviction. The Court, however, will refer to it as § 475.999 to be consistent with the record of Defendant's state conviction.

On December 23, 2010, the Court sentenced Defendant to a term of 77 months imprisonment and three years supervised release.

On December 13, 2011, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255.

## **STANDARDS**

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> * * *
>
> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing. . . . Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral

attack [under § 2255] has remained far more limited." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

**DISCUSSION**

Defendant moves to vacate or to set aside his sentence on the ground of ineffective assistance of counsel. Specifically, Defendant contends his trial counsel was ineffective at sentencing because he failed (1) to assert Defendant's sentence was "unreasonable" under *United States v. Booker* and (2) to challenge the characterization of Defendant's 2001 conviction for Delivery of a Controlled Substance in violation of Oregon Revised Statute § 475.999 as a "drug-trafficking offense" that triggered a 16-level enhancement in Defendant's guideline analysis pursuant to United States Sentencing Guideline (U.S.S.G.) § 2L1.2(b)(1)(A)(I).

**I. Standards**

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Id*. *See also Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994); *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994)(*en banc*); *Mak v. Blodgett*,

4 - OPINION AND ORDER

970 F.2d 614, 618 (9th Cir. 1992).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak*, 970 F.2d at 618 (citing *Strickland*, 466 U.S. at 687-88)). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688. There is a strong presumption that counsel's assistance was adequate. *Id.* at 689.

To prove prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *See also United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

**II. Defense counsel argued for a lesser sentence under *Booker***

As noted, Defendant contends his trial counsel was

5 - OPINION AND ORDER

ineffective because he failed to assert that Defendant's sentence was "unreasonable" under *United States v. Booker*, 543 U.S. 220 (2005). The record reflects, however, that defense counsel asked the Court in Defendant's Sentencing Memorandum to exercise its discretion pursuant to *Booker* and to impose a lesser sentence. Accordingly, the Court declines to grant Defendant's Motion on the basis that trial counsel failed to assert Defendant's sentence was "unreasonable" under *Booker.*

**III. Characterization of Defendant's 2001 conviction**

Defendant also asserts trial counsel was ineffective when he failed to challenge the characterization of Defendant's 2001 conviction for Delivery of a Controlled Substance in violation of Oregon Revised Statute § 475.999 as a "drug-trafficking offense" that triggered a 16-level enhancement in Defendant's guideline analysis pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I). The government asserts Defendant cannot establish ineffective assistance of counsel on this ground because § 475.999 is a drug-trafficking offense and the 16-level enhancement was correctly applied to Defendant's guideline calculation.

U.S.S.G. § 2L1.2(b)(1)(A)(I) provides for a 16-level enhancement if the defendant "previously was deported, or unlawfully remained in the United States after – (A) a conviction for a felony that is (I) a drug trafficking offense for which the sentence imposed exceeded 13 months." Defendant does not dispute

(1) he was deported in 2003, (2) his 2001 state conviction was a felony, and (3) he received a sentence that exceeded 13 months. Defendant contests only that his conviction for violation of Oregon Revised Statute § 475.999 was not a conviction for a drug-trafficking crime.

Oregon Revised Statute § 475.999 made it unlawful "for any person to . . . deliver a . . . controlled substance within 1,000 feet of the real property comprising a . . . school." Defendant points out that the Application Notes related to U.S.S.G. § 2L1.2 define a drug-trafficking offense in pertinent part as "an offense under federal, state, or local law that prohibits the . . . distribution . . . of . . . a controlled substance." Defendant contends because his state conviction was for "delivery" rather than "distribution," § 2L1.2 does not apply to his state conviction and trial counsel should have argued against the 16-level enhancement on that basis. The Court disagrees.

In *United States v. Gutierrez-Rodriguez*, the Ninth Circuit rejected the defendant's assertion that the district court erred when it applied the 16-level enhancement under § 2L1.2 to the defendant's sentence. 265 F. App'x 562, 563 (2008). The court concluded the defendant's underlying conviction for violation of Oregon Revised Statute § 475.999 "qualifie[d] as a drug trafficking crime under the Sentencing Guidelines," and therefore, the 16-level enhancement was not erroneous. *Id*.

(comparing Or. Rev. Stat. §§ 475.999 and 475.005(8) with U.S.S.G. § 2L1.2 cmt. n.1(B)(iv)). *See also United States v. Barron-Villafan*, 279 F. App'x 304, 305 (5th Cir. 2008)("There is no significant, inherent distinction between possession with intent to 'deliver' and possession with intent to 'distribute' for purposes of the 16-level enhancement under U.S.S.G. § 2L1.2.").

More recently the Ninth Circuit concluded in *United States v. Vargas-Mendoza* that the district court properly applied a 16-level enhancement to the defendant's sentence on the ground that the defendant's prior state conviction for possession of cocaine with intent to deliver under Washington Revised Code § 69.50.401[2] was a drug-trafficking offense within the meaning of § 2L1.2. No. 10-50142, 2011 WL 4098842, at *1 (9th Cir. Sept. 15, 2011). The Ninth Circuit held "the district court properly concluded that a conviction under Wash. Rev. Code § 69.50.401 is categorically a conviction for a 'drug trafficking offense' as defined by U.S.S.G. § 2L1.2(b)(1)(A)(I)." *Id.*

Accordingly, the Court concludes in this matter that defense counsel was not ineffective for failing to challenge the characterization of Defendant's 2001 conviction for Delivery of a Controlled Substance in violation of Oregon Revised Statute § 475.999 as a drug-trafficking offense that triggered the 16-

---

[2] Section 69.50.401 makes it unlawful for any person "to . . . deliver . . . a controlled substance."

level enhancement pursuant to U.S.S.G. § 2L1.2 because any such challenge would have been rejected.  *See, e.g., United States v. Juszczak*, 320 F. App'x 558, 559 (9th Cir. 2009)("Because this issue is meritless, counsel's failure to raise the issue does not constitute ineffective assistance of counsel.").

The Court, therefore, denies Defendant's Motion to Vacate or Set Aside Sentence.  Moreover, because the legal issues raised in Defendant's Motion are clearly established, the Court does not see any basis to grant Defendant a certificate of appealability.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#39) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 18th day of April, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

level enhancement pursuant to U.S.S.G. § 2L1.2 because any such challenge would have been rejected.  *See, e.g., United States v. Juszczak*, 320 F. App'x 558, 559 (9th Cir. 2009)("Because this issue is meritless, counsel's failure to raise the issue does not constitute ineffective assistance of counsel.").

The Court, therefore, denies Defendant's Motion to Vacate or Set Aside Sentence.  Moreover, because the legal issues raised in Defendant's Motion are clearly established, the Court does not see any basis to grant Defendant a certificate of appealability.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#39) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 18th day of April, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge